# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| BRYAN RANKIN, | Case No. 2:24-cv-3856 |
| Plaintiff, | |
| vs. | District Judge James L. Graham |
| | Magistrate Judge Elizabeth P. Deavers |
| JUSTICE SHARRON L. KENNEDY, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff, a resident of Maysville, Kentucky, has filed this civil action seeking a writ of mandamus under 28 U.S.C. § 1361.  By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*.  However, because the Undersigned determines the Court is without jurisdiction over the Petition, it is **RECOMMENDED** that this matter be **DISMISSED**.[1]

In this action, Plaintiff seeks to compel Supreme Court of Ohio Chief Justice Sharon L. Kennedy to disqualify Judge Roy E. Gabbert, Jr., from presiding over Adams County Court Criminal Case No. CRB-2300-241.  (Doc. 1-1).  Plaintiff alleges that he has filed four Affidavits of Disqualification in the state Supreme Court and that on each

---

[1] Where there is no basis for federal jurisdiction apparent on the face of a complaint, a Court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).  *See Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at **2 (6th Cir. 1999).

occasion the state Supreme Court has improperly rejected his arguments of "bias/prejudice/ill-will." (Doc. 1-1, at PageID 5). Plaintiff states that under Ohio Supreme Court Rule 21.02(E), he may not file a motion for reconsideration or appeal from a decision in an affidavit-of-disqualification proceeding. (*See id*.).

To the extent that Plaintiff challenges the decisions of the Supreme Court of Ohio, "[a] federal court does not function as an additional state appellate court reviewing the state courts' decision on state law or procedure." *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)).

Further, under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States* or *any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). In this case, because Plaintiff "seeks an order compelling a state official to act, this Court has no authority under the mandamus provision to grant him the relief he requests." *Ruiz v. Oklahoma Cty. Sheriff's Office*, No. CIV-07-43-C, 2007 WL 950367, at *2 (W.D. Okla. Mar. 27, 2007); *see also Myers v. Steube*, No. 8:09-cv-380, 2009 WL 591491, at *3 (M.D. Fla. Mar. 6, 2009) (finding no jurisdiction to issue a writ of mandamus against a county sheriff); *Hoodenpyle v. El Paso Dist. Court*, No. 08-cv-1710, 2008 WL 4327257, at *1 (D. Colo. Sept. 18, 2008) (dismissing mandamus action against a county sheriff because the sheriff and other defendants were not officers or employees of the United States).

Accordingly, in sum, because the Court does not have jurisdiction to grant Plaintiff the relief he seeks, the Petition for a writ of mandamus should be **DISMISSED**

**without prejudice**. *See Kelly v. Phifer*, No. 1:22-CV-399, 2022 WL 17037566, at *3 (S.D. Ohio Nov. 17, 2022) ("Where a court lacks subject-matter jurisdiction . . . dismissal without prejudice is appropriate.").

### IT IS THEREFORE RECOMMENDED THAT:

1. The mandamus petition be **DISMISSED without prejudice**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommedation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

October 11, 2024                                              *s/ Elizabeth A. Preston Deavers*
                                                              ELIZABETH A. PRESTON
                                                              DEAVERS
                                                              United States Magistrate Judge

### PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties

may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).