IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| **Bryan Rankin,** | : | |
| | : | Case No. 2:24-cv-03856 |
| Petitioner, | : | |
| v. | : | Judge Graham |
| | : | |
| **Justice Sharon Kennedy** | : | Magistrate Judge Deavers |
| | : | |
| Respondent. | : | |

## OPINION & ORDER

This matter is before the Court upon petition of Bryan Rankin ("Petitioner") for a writ of mandamus compelling Chief Justice Sharon Kennedy ("Respondent") "to issue an order disqualifying the judge Roy E. Gabbert" from presiding over Petitioner's criminal case in Adams County, Ohio. ECF No. 1-1. Magistrate Judge Deavers issued a report and recommendation ("R&R") determining that this Court lacks jurisdiction over the action and recommending that the action be dismissed without prejudice. ECf No. 6. Petitioner filed objections to the R&R. ECF No. 7. The Court agrees with the R&R issued by Magistrate Judge Deavers and hereby **ADOPTS** the same.

## STANDARD OF REVIEW

If a party raises timely objections to the report and recommendation of a magistrate judge, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

[1]

## **DISCUSSION**

The Magistrate Judge determined that this Court lacks jurisdiction over this action based on the text of the statute governing actions such as this one for a writ of mandamus. Under 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." As such, this Court's jurisdiction over such actions is limited to those directed at "an officer or employee of the United States or any agency thereof." *Id.* In contrast, this Court lacks jurisdiction over an action seeking, as this one does, to compel an officer or employee of a state (or any agency thereof).

Petitioner's arguments as to his objections are unavailing. Petitioner contends that the language referring to "an agency thereof" necessarily includes state governments. ECF No. 7, 2. But a state is not an "agency" of the United States. Petitioner cites to *Ex Parte Young*, 209 U.S. 123 (1908) in support of his argument. In *Ex Parte Young*, the attorney general of Minnesota petitioned for a writ of habeas corpus to secure his release from custody. 209 U.S. at 126. Thus, *Ex Parte Young* involved a petition for an entirely different writ, and one which was brought *by*—not *against*—an officer of a state. *Id.* Simply put, the case cited by Petitioner does not provide any support of his argument.

## **CONCLUSION**

The Court finds that Petitioner Bryan Rankin's objections (ECF No. 7) to the Magistrate Judge's Report and Recommendation are without merit and are therefore **OVERRULED**. The Court agrees with the recommendations (ECF No. 6) of the Magistrate Judge and hereby **ADOPTS** the same. Accordingly, because this Court lacks jurisdiction, this action is hereby **DISMISSED without prejudice**. Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that for the foregoing reasons an appeal of this Order would not be taken in good faith.

    **IT IS SO ORDERED**.

                                                        s/ James L. Graham
                                                        JAMES L. GRAHAM
                                                        United States District Judge

DATE: November 15, 2024.